APPLICATION FOR REHEARING
No. 1716.
Decided August 28, 1942.
BY THE COURT:
The above entitled cause is now being determined on plaintiff-appellee’s application for rehearing.
A three page memorandum is appended to the application.
We are at a loss to understand how counsel could urge that our reversal of the judgment of the trial court was solely on the question of fact. We can only ask counsel to reread the original opinion^ and when so done, it will conclusively show that regardless of the factual questions the plaintiff was not entitled to any relief as a matter of law.
We did refer to the brief of counsel and the supporting evidence in an effort if possible to ascertain the exact theory of counsel. We might have gone further and determined that much of the evidence was incompetent and improperly admitted. This observation would apply particularly to the testimony of witnesses who testified, over objection, as restatements made by the decedent, Walter Reck. These statements would all come under ihé classification of self-serving and hence would not be available to the son since the father if living, could not have introduced such evidence. *224 We did not refer to this incompetent evidence in our original opinion due to the fact that under our theory, it would make no difference.
Counsel in their memorandum express surprise at our conclusion. We might reiterate that we had difficulty in following plaintiffappellee’s theory. We searched the brief in va.in for some authority supporting a theory so at variance with our understanding of the law. The application for rehearing does not cite us to any pertinent law.
We can do no more than refer counsel to citations found in our original opinion and, if carefully examined, these will fully and completely explain our position.
In the application for rehearing counsel mention an amendment to the pleadings and a reargument. We are at a loss to know what amendment is desired or could be made that would change the legal aspect.
The application for rehearing will be overruled.
BARNES & HORNBECK, JJ., concur.
GEIGER, PJ., dissents.